IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL ANCHERANI and<br>CHRISTINE ANCHERANI, | : <br> : | No. 3:15cv80 |
| Plaintiffs | : | (Judge Munley) |
| v. | : | |
| GEICO CASUALTY COMPANY, | : | |
| Defendant | : | |

## **MEMORANDUM**

Before the court for disposition is plaintiffs' motion in limine filed in advance of the pretrial conference.  The motion has been fully briefed and is ripe for disposition.  For the reasons that follow, the court will deny plaintiffs' motion.

**Background**[1]

This case arises from a rear-end automobile collision, which occurred in January 2014.  On January 3, 2014, Plaintiff Daniel Ancherani drove a 2005 Mitsubishi Galant to the Mall at Steamtown located in Scranton, Pennsylvania.  While parked at a red light preceding the entrance to the mall's parking garage, a 2000 Honda Accord rear-ended plaintiff's automobile, causing plaintiff to suffer injuries.  Specifically,

---

[1] Because the parties are familiar with the background of this case, the court will forego citation to the record.

plaintiff's medical expert opined that the January 3, 2014 collision worsened plaintiff's pre-existing cervical spine disc disease at C6-7.

After the accident, plaintiff, without the assistance of emergency medical services, went to Geisinger Community Medical Center (hereinafter "CMC").  Plaintiff complained of neck pain, which radiated to his left arm and worsened upon movement.  The attending physician placed plaintiff in a cervical collar and discharged him.

Plaintiff returned to CMC three or four days later and ultimately underwent a C6-7 anterior cervical fusion in February 2014.  Subsequent to his C6-7 fusion, plaintiff continued to struggle with pain and limitations, which required ongoing medical treatments.  Plaintiff received injection therapy with his doctor, and he also participated in massage therapy, physical therapy and acupuncture.

A recent MRI of plaintiff's cervical spine revealed a new herniation at C4-5.  In response, plaintiff's treating physicians performed two facet joint injections at C4-5 and ablation surgery on January 13, 2016.

Prior to the collision, plaintiff asserts he was healthy and happy pursuing a fulfilling life as a husband and father of three children.  Subsequent to the collision, plaintiff states his life has fundamentally

changed.  Specifically, plaintiff no longer coaches his son's baseball team and no longer golfs and bowls with his family.  Plaintiff also cannot perform chores around the house.  Rather, plaintiff's wife and children have assumed household duties including taking out the garbage, raking leaves, snow removal and other household chores.

On January 12, 2015, plaintiff filed a two-count complaint.  (Doc. 1, Compl.).  Count One asserts a state law breach of contract claim against GEICO, pertaining to plaintiff's $300,000.00 underinsured motorist policy with GEICO.  (Id. ¶¶ 20-32).  Count Two avers a loss of consortium claim. (Id. ¶¶ 33-35).  Discovery closed without the parties filing dispositive motions, and the court has scheduled a pre-trial conference for Tuesday, January 26, 2016.  (Doc. 17).

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332.  Plaintiffs are citizens of Pennsylvania.  (Doc. 1, Compl. ¶¶ 1-2).  Defendant GEICO is incorporated under the laws of the State of Maryland with its principal place of business in Maryland.  (Id. ¶¶ 3-11). Because complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000, the court has jurisdiction

over the case.  See 28 U.S.C. § 1332 ("[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]").  As a federal court sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Discussion**

A pretrial conference has been scheduled, and in accordance with the court's rule, plaintiffs filed a motion in limine to preclude evidence from trial.  Specifically, plaintiffs seek to prevent GEICO from publishing or introducing any photographs of plaintiffs' vehicle into evidence, contending the photographs fail to accurately depict the total damage to plaintiff's vehicle.  GEICO argues the photographs are relevant and not unfairly prejudicial.  After a careful review, the court agrees with GEICO.

Federal law provides that relevant evidence is generally admissible. FED. R. EVID. 402.  "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would

be without the evidence." FED. R. EVID. 401.  The law provides that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

In the instant matter, GEICO's photographs are relevant.  Plaintiff testified at his deposition that his vehicle sustained damage to its frame.  GEICO's photographs, however, may fail to depict any damage or may only illustrate limited frame damage.  The extent of the vehicle's damage, therefore, is relevant to determine the severity of the collision.

Moreover, plaintiffs' conclusory assertion that this evidence is prejudicial is without merit.  Plaintiffs' cite no binding authority, and our research has uncovered none, to support their assertion that pictures depicting no damage to a vehicle involved in a collision is unfairly prejudicial.  Indeed, the Third Circuit Court of Appeals requires the opposite conclusion.  See Carter v. Hewitt, 617 F.2d 961, 972 (3d Cir. 1980) (noting that Rule 403 does not offer protection against evidence that is merely prejudicial, in the sense of being detrimental to a party's case.  Rather, the rule only protects against evidence that is **unfairly**

prejudicial). As such, plaintiffs' motion in limine to preclude GEICO's pictures will be denied.

**Conclusion**

Based upon the above reasoning, the court will deny plaintiffs' motion to preclude GEICO from publishing or introducing any photographs of plaintiffs' vehicle into evidence at trial. The photographs are relevant and not unfairly prejudicial. Plaintiffs will have the opportunity to establish and argue that these photographs fail to accurately depict the total damage to plaintiffs' car at trial. An appropriate order follows.

**Date:   01/22/2016**                    **s/ James M. Munley**
                                          **JUDGE JAMES M. MUNLEY**
                                          **United States District Court**